UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA JOSEPH SMITH,

        Petitioner,

v.                                                 Case No. 17-cv-306-pp

WILLIAM POLLARD,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING THE RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

---

On March 2, 2017, Joshua Joseph Smith, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his March 7, 2013, judgment of conviction in Racine County Circuit Court for false imprisonment and mayhem. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

I. **Procedural Background**

The petitioner says that he challenges his March 7, 2013 conviction in case number 2012CF756 in Racine County Circuit Court. Dkt. No. 1 at 2. The court reviewed the docket for that case on the Wisconsin Circuit Court Access Program, however, and it indicates that the petitioner was convicted on

1

January 7, 2013 (having pled guilty to one count of false imprisonment and no contest to one count of mayhem). State v. Smith, Case No. 2012CF000756, Racine County Circuit Court (available at https://wcca.wicourts.gov). The docket shows that the petitioner was sentenced on March 5, 2013 to a term of fifteen years in custody and eighteen years of extended supervision. Id. The court entered judgment two days later. Id.

The petition states that the petitioner did not file a direct appeal until May 27, 2015. Dkt. No. 1 at 3. It indicates that the petitioner argued that trial counsel was ineffective in failing to inform him of the defense of voluntary intoxication, and that the circuit court should have informed him that trial counsel could "discover defenses or mitigating circumstances." Id. While this makes it appear as if the petitioner waited over two years to appeal his conviction, the WCCAP docket indicates that he may have pursued post-conviction relief earlier. The electronic docket indicates that the petitioner filed a notice of intent to pursue post-conviction relief on March 11, 2013, and a notice of appeal on December 5, 2013. State v. Smith, Case No. 2012CF000756, Racine County Circuit Court (available at https://wcca.wiscourts.gov). The court of appeals dismissed the appeal, but extended the time for filing a notice of appeal or a postconviction motion to November 25, 2014. Id. Additional orders granted extensions through May 27, 2015. Id.

On May 27, 2015, the petitioner filed a motion to withdraw his no contest and guilty pleas. Id. The petitioner filed a *pro se* motion to supplement

and the circuit court conducted several hearings. Id. The court denied the motion on September 24, 2015. Id. After receiving additional extensions from the Wisconsin Court of Appeals, the petitioner filed a notice of appeal on February 23, 2016. Id. The Wisconsin Court of Appeals affirmed the judgment of conviction on November 16, 2016. Id. The Wisconsin Supreme Court denied the petition for review on February 13, 2017. Id.; Dkt. No. 1 at 3. The petitioner filed his federal *habeas* petition on March 2, 2017. Dkt. No. 1.

The electronic docket indicates that petitioner has continued to file motions in the state court, even after filing his federal petition. He filed a petition for sentence adjustment on June 12, 2017. Id. The circuit court denied the petitioner's motions on June 22, 3017 and September 8, 2017. Id. On March 15, 2018, the petitioner filed a motion for post-conviction relief, which was denied on March 21, 2018. Id. He filed another motion on April 18, 2018, which remains pending. Id.

**II.    Rule 4 Screening**

   A.    Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the

3

screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the

4

claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B. The Petition

The petitioner identifies three grounds for relief: (1) ineffective assistance from his trial counsel (Grounds One and Two); (2) insufficient evidence to prove the third element (intentional disfigurement) of the mayhem charge and insufficient evidence to convict him (Grounds Three and Four); and (3) his plea agreement was not knowingly and voluntarily entered (Ground Four). Dkt. No. 1 at 6-9.

The petitioner's ineffective assistance of counsel arguments focus on an alleged conflict of interest and a failure to investigate and advise the petitioner regarding a defense. With regard to the alleged conflict of interest, the petitioner alleges that the reason his trial counsel "set a speedy trial" was because the victim (the defendant's wife) did not show up to court intentionally, in order to get the charges dismissed. The petitioner says that when he was in jail pretrial, he wrote to his wife and asked her not to appear. Dkt. No. 1 at 6-7. She turned those letters over to the state, and the plaintiff alleges that this fact "affected [his trial counsel's] representation due to the references in the letters of his participation in setting the trial based on her being unavailable, and ultimately caused [trial counsel] a conflict of interest." Id. at 7. The petitioner claims that his attorney told the petitioner's mother that counsel might have to withdraw "due to his participation and advice that he knew to be unethical." Id.

5

While this argument is confusing and hard to follow, it does appear that the petitioner's claims fall within the ambit of a Sixth Amendment claim.

With regard to the failure to investigate claim, the petitioner argues that his lawyer failed to interview or investigate witnesses who would have testified that the petitioner was too intoxicated and "irrational" to have formed the requisite *mens rea* for the offenses. Id. at 7-8. Again, the petitioner has alleged a Sixth Amendment violation.

The petitioner's third and fourth grounds for relief, which he styles as challenges to the sufficiency of the evidence, also constitute allegations of Sixth Amendment violations. In his third ground, the petitioner argues that in order to prove him guilty of mayhem, the state would have had to prove intent to cause specific damage. Id. at 8. The petitioner implies that the state could not have proved that intent, because he was intoxicated. Id. He reiterates that his trial counsel did not investigate that defense; he implies, therefore, that he would not have pled no contest to the mayhem charge had his lawyer informed him of, and investigated, an intoxication defense. The petitioner alleges in his fourth ground that because of his trial counsel's conflict of interest, the petitioner was unable to make an informed choice about whether to plead. Id. at 9.

The court concludes that, at this early stage, the petitioner appears to have stated cognizable constitutional claims. This conclusion does not bar the respondent from raising any defenses to the claims or the petition, including (given that the petitioner still seems to be litigating in state court) the argument

that the petitioner has not exhausted his state remedies. At the same time, the court concludes only that it cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties shall comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the

respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties shall submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed **thirty** pages and reply briefs may not exceed **fifteen** pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 21st day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**